# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARSHA THOMAS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1353-Orl-19KRS**

**EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S RENEWED MOTION FOR ORDER COMPELLING PHYSICAL AND MENTAL EXAMINATION OF MARSHA THOMAS AND ENLARGING TIME TO DISCLOSE EXPERT REPORTS (Doc. No. 28)**
>
> **FILED:** April 12, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In her complaint, Plaintiff Marsha Thomas alleges that she was subjected to a hostile work environment, sexual harassment, and discrimination while she worked for Defendant Embry-Riddle Aeronautical University, Inc. ("Embry-Riddle"). She seeks damages for mental anguish, suffering, and humiliation. Doc. No. 1. There is no

indication, however, that she has identified any expert witnesses or treating physicians who she will call to testify regarding emotional distress damages.

Counsel for Embry-Riddle questioned Thomas during her deposition in this case about her emotional distress damages. According to the excerpts from that deposition quoted by Embry-Riddle in its motion, Thomas went to a hospital at an unidentified date where she was diagnosed with anxiety caused by stress. Doc. No. 28 at 5-6. She explained that the anxiety manifested itself with tearfulness. *Id.* at 6. Counsel for Embry-Riddle referred to other examples of sweaty hands and vomiting, but the source of that information is not identified. *Id.* Counsel for Embry-Riddle also represents that, at some unidentified time, Thomas sought counseling, and that a doctor described her condition as complicated bereavement and major depression parental alienation syndrome. *Id.*

Embry-Riddle contends that Thomas' claims of emotional distress are unusually severe and that she alleges a specific mental or psychiatric disorder. As such, it requests the opportunity to conduct an independent medical examination of Thomas pursuant to Fed. R. Civ. P. 35(a). Thomas opposes the request, arguing that her claims of emotional distress do not rise to the level necessary to support an examination under Rule 35.

Federal Rule of Civil Procedure 35(a) provides as follows:

[w]hen the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all

>parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Therefore, under Rule 35(a), the movant must establish that the other party's mental condition or physical condition is "in controversy" and that there is "good cause" for the examinations. *Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 167 (M.D. Fla. 1995).  The Rule "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' . . . ." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964).  These requirements "are necessarily related." *Id.* at 119.  "[T]he movant must produce sufficient information, by whatever means, so that the [trial] judge can fulfill his [or her] function mandated by the Rule." *Id*.

"The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress." *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 553 (N.D. Ga. 2001).  Courts have, however, authorized Rule 35 examinations when, among other things," an allegation of a specific mental or psychiatric injury or disorder is made," or "a claim of unusually severe emotional distress is made." *Id.* at 554.

The information presented by Embry-Riddle is not sufficient, in my view, to state a claim for a specific mental or psychiatric injury.   There is no information about when Thomas was diagnosed with major depression, and no indication that she contends that the depression was an injury caused by her work environment.  Anxiety can be a specific

-3-

mental condition, but, again, Embry-Riddle offers no medical records or doctor's testimony that the diagnosis of anxiety was a medical finding that Thomas had a mental impairment, rather than an isolated determination that she was suffering from stress-induced anxiety.

Similarly, the information presented by Embry-Riddle is insufficient to establish that Thomas' claim for emotional distress damages is unusually severe. A plaintiff "does not place her mental condition in controversy by alleging that her psychological well being . . . is seriously affected by defendants' behavior." *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531 (M.D. Fla. 1988).

Because the request to conduct an independent medical examination is denied, the request to extend the discovery deadline to conduct such an examination is moot.

**DONE** and **ORDERED** in Orlando, Florida on May 11, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties